**Adolphe MOUNKASSA, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES.**

No. 09–1511.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 8, 2009.

Opinion filed Sept. 8, 2009.

Adolphe Mounkassa, McElhattan, PA, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Justin R. Markel, Esq., Annette M. Wietecha, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: BARRY, SMITH and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Adolphe Mounkassa petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

Mounkassa, a citizen of the Republic of Congo, first came to the United States in 1993 as a student and became a lawful permanent resident in 1999. In June 1999, he was sentenced to 151 months in prison after being convicted of importing heroin into the United States. After he was charged as removable as an aggravated felon, Mounkassa applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ concluded that Mounkassa was ineligible for asylum or withholding of removal and denied CAT relief. Finding that Mounkassa was not credible, the IJ concluded that Mounkassa had not shown that he had been tortured in the past and that any risk of future torture was speculative. Mounkassa appealed. The BIA upheld the

IJ's adverse credibility determination and dismissed the appeal. Mounkassa filed a timely petition for review.

Mounkassa challenges only the denial of relief under the CAT. To be eligible for deferral of removal under the CAT, Mounkassa must demonstrate that it is more likely than not that he would be tortured if removed to the Republic of Congo. 8 C.F.R. § 208.17. Because Mounkassa is an aggravated felon, a determination he does not challenge, our review is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C) & (D). This includes "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Attorney General*, 420 F.3d 202, 211 (3d Cir. 2005).

■ Mounkassa argues that the BIA violated his rights to due process. However, he does not argue that he was denied "notice, a reasonable opportunity to present evidence, disclosure of fact finding or an individualized determination" on his CAT claim. *Jarbough v. Attorney General*, 483 F.3d 184, 190 (3d Cir.2007). While Mounkassa argues that the BIA violated due process, several of his arguments are simply challenges to the IJ's factual determinations. His labeling of factual challenges as due process claims is insufficient to give us jurisdiction over those issues under § 1252(a)(2)(D). *Id.*

■ First, Mounkassa contends that the BIA and IJ did not properly consider several pieces of evidence: 1) the arrest and torture of his political leader and employer, Aymar Mouity; (2) medical records; (3) reports of country conditions; and (4) evidence of torture of those whose names begin with the letter "M." However, that the BIA did not address that evidence or make factual determinations Mounkassa

believes are warranted is not an issue of law. *See Jarbough,* 483 F.3d at 189–90.[1]

Next, Mounkassa asserts that the BIA violated due process when it found that he did not explain inconsistencies in his testimony and the record with respect to two issues: his brother's refugee status and the residence listed on Mounkassa's membership card for his political party. He also argues that the IJ erred in considering his perjury at his criminal trial. We need not reach the issue of the adverse credibility determination[2] because the BIA determined in the alternative that even if Mounkassa gave credible testimony, it was speculative that he would be tortured given his limited involvement with his political party and his presence in the United States since 1998. Thus, we turn to Mounkassa's challenges to that conclusion.

We have jurisdiction over Mounkassa's argument that the BIA applied the wrong standard of review in evaluating his CAT claim. However, the BIA concluded "respondent has not shown that he more likely than not would face 'torture,' as defined by regulation, upon removal." As noted above, that is the correct standard for Mounkassa's CAT claim. Mounkassa also challenges the BIA's determination that there was no evidence that Mounkassa had been tortured in the past or would be tortured in the future. We may reverse the BIA's decision only if the record permits but one reasonable conclusion that is not the one reached by the Board. *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). As noted above, the BIA relied on Mounkassa's limited involvement with his political party, as well as his lengthy absence from the Congo. While he cites to general statements describing human rights violations in several reports, Mounkassa does not point to any specific evidence that he, or any member of his political party, would be singled out for torture.[3] Certainly, Mounkassa has not shown that the record compels a finding that it is more likely than not that he will be tortured if removed to the Congo.

For the above reasons, we will deny the petition for review.

---

1. Mounkassa acknowledges the factual nature of his challenge to the BIA's determination that there is no pattern of torture of ethnic groups whose names begin with "M." Brief at 20.

2. The Board relied on a new provision of the INA that allows adverse credibility determinations to be based on inconsistencies in the alien's testimony that do not "go[ ] to the heart of [the alien's] claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We have not considered whether this provision is consistent with due process. *See Wang v. Holder,* 569 F.3d 531, 538 (5th Cir.2009)(canvassing Circuit law on the provision). Here, the Board candidly admitted that the inconsistencies in Mounkassa's testimony "might be considered minor under prior law" and the discrepancy between his testimony at his criminal trial and his testimony before the IJ "does not strike at the heart of the [CAT] claim."

3. We may not consider "Attachment J" of Mounkassa's brief because it is not part of the administrative record. 8 U.S.C. § 1252(b)(4)(A)("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").